UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SHANE A. SMITH,

      Plaintiff,

    v.                                      Case No. 05-C-0980

UNITED STATES OF AMERICA,

      Defendant.

**DECISION AND ORDER ON DEFENDANT'S MOTION TO DISMISS AND MOTION FOR SUBSTITUTION OF PARTY**

      This action was commenced on August 22, 2005, when the plaintiff, Shane A. Smith ("Smith"), filed a small claims complaint in the Walworth County Circuit Court naming the United States Postal Service as the defendant. The complaint alleges as follows:

> On March 25, 2004, I went to the Whitewater Post Office to send a mail. The contents of the mail included my passport and other important documents which I was mailing to the British Consulate in Chicago. Not being familiar with the mailing/postal system here, I followed the advice of the postal worker and sent the package as a certified mail to ensure that it gets to Chicago. Unfortunately, when the package got to the Consulate, some of my documents including my passport were missing. It has subsequently cost me severe financial and emotional (illegible) in obtaining a new passport.

In his complaint Smith seeks $5,000.00 in damages.

      Shortly thereafter, on September 12, 2005, the action was removed to this court by the United States of America pursuant to 28 U.S.C. § 1442. On September 28, 2005, the United States filed a motion to dismiss the complaint and a motion to substitute the United States of America as the defendant instead of the United States Postal Service. Accompanying the defendant's motions were

memoranda of law, the affidavit of Charles E. Westphal, a paralegal in the office of the United States Attorney for the Eastern District of Wisconsin, and the declaration of Michael Zamjahn, a Tort Claims Coordinator for the United States Postal Service[1]. Smith has not filed any response to the government's motions. For the reasons which follow, the government's motions will be granted and this action will be dismissed.

Before addressing the substance of the defendant's motion to dismiss, the court will address the defendant's motion for substitution of the United States of America as defendant for the United States Postal Service. Title 28 U.S.C. § 2679[2] provides, in pertinent part, as follows:

> (a) The authority of any federal agency to sue or be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of this title, and the remedies provided by this title in such cases shall be exclusive.
>
> (b)(1) The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property, or personal injury of death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee. Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate is precluded without regard to when the act or omission occurred.

The United States Postal Service is not a federal agency; it is an independent establishment of the executive branch of the federal government. 39 U.S.C. § 201. However, Title 39 U.S.C. § 409(c) expressly provides that "[t]he provisions of chapter 171 [28 U.S.C. §§ 2671 et seq.] and all other provisions of title 28 relating to tort claims shall apply to tort claims arising out of activities

---

[1] Mr. Zamjahn's Declaration was actually filed on October 4, 2005.

[2] 28 U.S.C. § 2679 is a part of the Federal Tort Claims Act ["FTCA"], i.e., 28 U.S.C. §§ 1346(b) and 2671-2680.

of the Postal Service." In light of the foregoing, the United States Postal Service is not the proper defendant in this case. Rather, the proper defendant is the United States of America. Thus, the motion to substitute the United States of America as defendant for the United States Postal Service will be granted.

The defendant's motion to dismiss is predicated on three grounds: (1) the complaint fails to state a claim upon which relief can be granted; (2) this court lacks jurisdiction over the action because the plaintiff failed to file an administrative claim under the Federal Tort Claims Act; and (3) Smith failed to properly serve the United States pursuant to the Federal Rules of Civil Procedure. There is no need to address either ground one or ground three of the defendant's motion, as set forth above. This is because the declaration of Michael Zamjahn makes clear that Smith has not filed an administrative tort claim with the United States Postal Service.

Title 28 U.S.C. § 2675(a) provides, in pertinent part, as follows:

An action shall not be instituted against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of the agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

Most recently, in *Warrum v. United States*, _F.3d_, 2005 WL 2739207 (7th Cir. 2005), the Seventh Circuit stated,

The Supreme Court has noted that the purpose of the FTCA's exhaustion requirement is to facilitate the administrative evaluation of tort claims by the agency whose activity gave rise to the claim and permit settlement of meritorious claims more quickly and without litigation. *McNeil v. United States*, 508 U.S. 106, 112, n. 7, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993); *see also Kanar v. United States*, 118 F.3d 527,

3

531 (7th Cir. 1997). "The most natural reading of the statute indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process." *McNeil*, 508 U.S. at 112.

*Warrum*, 2005 WL 2739207 at * 2. In other words, "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil*, 508 U.S. at 113. Because Smith has not filed an administrative tort claim and has therefore not exhausted his administrative remedies under the FTCA, his complaint and this action must be dismissed.

**NOW THEREFORE IT IS ORDERED** that the defendant's motion for substitution of the United States of American as defendant for the United States Postal Service be and hereby is **GRANTED**;

**IT IS FURTHER ORDERED** that the defendant's motion to dismiss be and hereby is **GRANTED**;

**IT IS FURTHER ORDERED** that the plaintiff's complaint and this action be and hereby are **DISMISSED**;

**SO ORDERED** this 14th day of November 2005, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge